JABEZ TRUE *versus* JOEL HALEY.

When the assignee of the mortgagor has conveyed the land by deed with the usual covenants of warranty, he has no such interest as will enable him to maintain a bill in equity against the mortgagee to redeem the mortgage.

BILL in equity. The plaintiff in equity, under the belief that the mortgage had been extinguished, conveyed the premises to one Elder, by a common deed of warranty. Afterwards, finding that the mortgage had not been fully paid, and his grantee being unwilling to move in the matter, the plaintiff demanded an account of the holder of the mortgage, which was refused, and made a tender of the sum supposed to be due; and then brought this bill.

*Hobbs*, for the plaintiff, contended that whoever had an interest that the mortgage should be redeemed, could maintain a bill in equity for that purpose. It is the only way in which he can preserve his rights. By his deed, he has bound himself to free the land from all incumbrances, and has no power to do so, unless this mode is open to him. If the mortgagee receives all that is due to him, it is immaterial by whom it is paid. The plaintiff is not a mere stranger, but has a direct claim under the mortgagor. 7 Mass. R. 444; Story's Eq. § 1023; 4 Kent, 162; 9 Mass. R. 422; Co. Lit. 207 (b); 1 Rand's Powell on Mort. 322.

*J. Appleton*, for the defendant, said that the redemption of mortgages in this State was regulated entirely by statute. There can be but one person at a time, who is entitled to redeem, and he is the mortgagor, or his assignee. No one is entitled to redeem, but such as has an interest in the land at the time. In this case the plaintiff had divested himself of all interest in the land before he brought his bill. 2 Pick. 276; 5 Pick. 281; 9 Mass. R. 422; 1 Powell, 261.

The opinion of the Court was by

Tenney J. — The equity of redemption, under a mortgage, is a subsisting estate in the land in the mortgagor, his heirs, devisees, assignees and representatives, and Courts of general equity jurisdiction have held, that not only such had the right of redemption, but that it exists in every other person, who has acquired any interest in the lands mortgaged by operation of law, or otherwise, in privity of title. But no case has been cited, and we have been able to find none, where one who once held the mortgagor's interest, and has assigned the same with covenants of warranty, absolutely, has the right of redemption by reason of the covenants. He has no remaining interest in the land and no privity of title therein.

In this State the rights of those interested in mortgaged estates, are defined and regulated in a great degree by statute. By c. 125, § 6, "the mortgagor or person claiming under him may redeem." This provision cannot admit of the construc-

tion, that the mortgagor, who has assigned his interest can redeem; but whoever holds an interest under him is entitled to that privilege; but further than that, the right cannot be extended. The complainant had assigned all his interest in the equity of redemption by his deed to Elder, dated May 20, 1841, duly acknowledged and recorded. After that he could not in any sense be considered as claiming under the mortgagor. It is a subject of regret that the estate could not be disincumbered of the mortgage, when he was willing to pay whatever was due thereon, and thereby relieve himself from liability on his covenants; but if he chose to deprive himself of the power by his own conveyance, and a loss results, it must be imputed to that rather than to any defect in the laws.

*Bill dismissed.*