## Huckaba *v.* Abbott.

*Statutory Action in nature of Ejectment.*

1. *Mortgage for future advances; parol evidence affecting consideration.*
A mortgage given to secure payment for future advances by the mort-
gagee, is a valid security as between the parties; and when the recited
consideration is an indebtedness by promissory note, oral evidence may
be received to show that part of the actual consideration was supplies
or advances to be afterwards furnished, and which were furnished.

2. *Nominal partner testifying as to transactions with decedent.*—In an
action by a mortgagee against the widow of the deceased mortgagor,
payment of the mortgage debt being suggested and pleaded (Code,
§§ 1870, 2707), the plaintiff's son, who was in his employment as clerk
when the mortgage was given, and held himself out to the public as a
partner, though he had no interest in the business, may testify to trans-
actions with the deceased mortgagor in reference to the mortgage debt,
not being within the statutory disqualification (*Ib.* § 2765), either as a
party, or as interested.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Henry H. Huckaba against
Mrs. Elizabeth Abbott, the widow of James W. Abbott,
deceased, to recover the possession of a tract of land particu-
larly described in the complaint; and was commenced on the
3d May, 1887. The plaintiff claimed the land under a
mortgage executed to him by the defendant and her deceased
husband, which was dated December 26th, 1882, and pur-
ported to be given to secure the payment of a promissory
note for $500, of even date with the mortgage, and payable
on the 1st October, 1883; and the defendant suggested and
pleaded payment and satisfaction of the mortgage debt. On
the trial, as the bill of exceptions shows, the plaintiff read
the note and mortgage in evidence, and then introduced his
son, W. T. Huckaba, as a witness, who testified that a balance
of $285 was still due on the mortgage and secured note. He
testified, also, on cross-examination, that he had no interest
in his father's mercantile business in December, 1882, when
the mortgage was given, but was employed as a clerk on a
salary; that he afterwards put up over the door of the store,
without consultation with his father, a sign reading 'H. H.
Huckaba & Son,' and it had remained there ever since. The
witness further stated, on cross-examination, that said J. W.

Abbott was only indebted to H. H. Huckaba, at the time said note and mortgage were given, in the sum of about $100; and that, acting as agent for his father, he had accepted a horse in payment, at the agreed price of $100. Plaintiff then asked said witness, what was the further consideration for said note and mortgage; and he answered, that it was future advances or supplies which H. H. Huckaba agreed to furnish from his store during the year 1883." The defendant objected to this answer, and moved to exclude it from the jury, "on the ground that it was a transaction with a party since deceased, whose estate was interested in the result of the suit, and said witness was incompetent to testify in reference to it; and on the ground, that oral evidence was inadmissible to show that said mortgage was given to secure future advances." The court sustained the objections, and excluded the evidence; and this ruling, to which the plaintiff excepted, is now assigned as error.

N. D. DENSON, for appellant, cited *Tison v. Peoples' Asso.*, 57 Ala. 323; *Forsyth v. Preer*, 62 Ala. 443; *Collier v. Faulk*, 69 Ala. 58.

SMITH & SMITH, *contra*.

STONE, C. J.—It is settled in this State, that a mortgage for future advances is a valid security, and that when it recites an existing debt as its consideration, it is no violation of the law of evidence to receive proof that the actual consideration was advances to be afterwards made.—*Tison v. People's Sav. & L. Asso.*, 57 Ala. 323; *Forsyth v. Preer*, 62 Ala. 443; *Collier v. Faulk*, 69 Ala. 58. Such mortgage, if not assailed on other grounds, is valid between the parties; but this rule has some limitations, when assailed by outside creditors or purchasers.—*Faulk v. Martin*, 69 Ala. 59; *Marks v. Robinson*, 82 Ala. 69.

The witness W. T. Huckaba testified, that he had no interest in the suit, and was not a partner of H. H. Huckaba, his father, in the mercantile business. He had held himself out as partner, and had permitted the business to be conducted in the name of Huckaba & Son, he being the son. This, it is contended, rendered him liable for the mercantile debts, and made him interested in maintaining the suit. It is not shown that there were any debts, nor that the father was not amply able to meet the liabilities, if any existed.

This interest is too remote and contingent, to fall within the statutory rule of exclusion.—Code of 1886, § 2765; *Miller v. Cannon*, 84 Ala. 59. The Circuit Court erred in excluding the testimony of W. T. Huckaba, as to transactions with the deceased mortgagor.

Reversed and remanded.