# Cardwell *v.* Virginia State Ins. Co., *et al.*

*Bill to Credit Mortgage With Amount of Fire Insurance and for Accounting.*

(Decided April 16, 1914.   65 South. 80.)

*Mortgage; Redemption; Who Entitled.*—Although as a general rule a mortgagor is not entitled to redeem where he has conveyed the equity of redemption by warranty to a third party, yet, where he retains a lien upon the land for the payment of part of the purchase money, he may, by virtue of his interest, redeem from the first mortgage.

[Cardwell v. Virginia State Ins. Co., et al.]

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. D. Cardwell against the Virginia State Insurance Company, and others, to require a mortgage to be credited with the amount of a fire insurance claim, for an accounting, and to be allowed to redeem. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered and remanded.

STREET & ISBELL, for appellant. Under the averments complainant clearly had a right to maintain this bill, have an accounting, and the insurance policy credited on the mortgage.—*Wiley v. Ewing,* 47 Ala. 418; *Davis v. Cook,* 65 Ala. 617; *Fouch v. Swain,* 80 Ala. 151; *Powers v. Robinson,* 90 Ala. 225; *Raisin F. Co. v. Bell,* 107 Ala. 261; *Mims v. Cobb,* 110 Ala. 582. Under complainant's second mortgage he had such an interest in the land, as authorized him to pursue the remedy here sought.—*Penny v. Miller,* 134 Ala. 593, and authorities cited supra.

COOPER & COOPER, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—The complainant executed to a mortgage company a mortgage on the lands described in the bill, to secure an indebtedness. There was a residence on the land, which was insured against loss by fire; the policy providing that the loss, if any, should be paid to the mortgage company as its interest might appear. This insurance policy was delivered to the mortgage company as a part of its security for the loan. The building was destroyed by fire, and the complainant made the proof of loss, etc., which was required by the policy. Thereupon the insurance company bought from the mortgage company the notes and mortgage which

the mortgage company held against the complainant, and then refused to pay complainant the amount of insurance, or to credit the amount upon the mortgage debt.

After the destruction of the building by fire, the complainant conveyed the said land to W M. Cardwell. The said W. M. Cardwell paid complainant $500 cash as part of the purchase money of the land, and executed and delivered to him a mortgage on the land to secure the sum of $2,500, the balance of the purchase money. This latter mortgage was, of course, subordinate to the mortgage to the mortgage company, and, as to the said mortgage to the mortgage company, the complainant clearly possesses the equities of junior mortgagee.

The debt to the mortgage company, now held by the insurance company, is past due, and the complainant, by his bill as amended, seeks, as a junior incumbrancer of the land, to redeem the lands from said first mortgage. As an incident to this right, he prays that the debt due the mortgage company, now held by the insurance company, be credited with the amount of said loss by fire, and for an accounting with said insurance company.

(1) It is undoubtedly true that, as a general rule, a mortgagor who has conveyed the equity of redemption by warranty deed to a third person cannot maintain a bill to redeem.—2 Jones on Mortgages (6th Ed.) § 1056. The reason for this rule is that the mortgagor "has no remaining interest in the land and no privity of title therein."—*True v. Haley,* 24 Me. 297.

(2) When, however, a mortgagor conveys the equity of redemption by warranty deed, and retains a lien upon the land for the payment of a part of the purchase money, he may, by virtue of such interest in the land, redeem the lands from the first mortgage.—*Pearcy v.*

[Seaboard A. L. Ry. Co., et al. v. Anniston Manufacturing Co.]

*Tate*, 91 Tenn. 478, 19 S. W. 323; 2 Jones on Mortgages,. § 1056.

(3) The instant case comes directly within the operation of the rule last above stated, and we find nothing in any of our decisions which, when properly considered, can be construed as being in conflict with that rule.

It appears, therefore, that the bill of·complaint as amended contains equity, and is not subject to the grounds of demurrer which were interposed to it. The decree of the court below is therefore reversed, and a decree is here rendered ovrruling the demurrer to the bill as amended, and this cause is remanded for further proceedings in the court below.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.