(85 South. 503)

**BOWDOIN et al. v. T. S. FAULK & CO. et al.**

**T. S. FAULK & CO. et al. v. BOWDOIN et al.**

**(4 Div. 822.)**

(Supreme Court of Alabama. April 8, 1920. Rehearing Denied May 20, 1920.)

**1. Chattel mortgages ⬅➡294—Mortgages ⬅➡594(1)—Mortgagor, conveying equity of redemption, cannot redeem.**

A mortgagor, conveying his equity of redemption either in real estate or personalty, and retaining no interest in or lien on the property, cannot redeem.

**2. Usury ⬅➡130—Not available as defense by grantee of mortgagor assuming debt.**

Right to plead usury is a personal defense to the debtor mortgagor, and not available to his grantee, who has assumed the mortgage debt.

**3. Mortgages ⬅➡608—Mortgagees held not estopped to assert conveyance by mortgagor, preventing his redeeming.**

Mortgagees, by making advances to mortgagor under the terms of the mortgage after he had conveyed the mortgaged property to another, are not estopped to set up against his bill to redeem that he had disposed of the prop-

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erty before filing the bill, and so could not maintain it.

**4. Usury ⬤⟿130—Mortgagees held not estopped to assert mortgagor was debtor preventing his grantee pleading usury.**

Mortgagees, by making advances to the mortgagor, under the terms of the mortgage after he had conveyed the property to his wife, are not estopped to assert against her that she, not being the debtor as to such advances, in suit to redeem could not avail of usury as to such advances.

**5. Mortgages ⬤⟿621—Relief may be granted one of two complainants.**

Under Code 1907, § 3212, authorizing decree in favor of one of complainants, redemption from mortgage may properly be decreed to the grantee of the mortgagor, though the bill brought by the grantee and mortgagor cannot be maintained by the mortgagor after his conveyance.

**6. Mortgages ⬤⟿624(1)—Payment of all mortgage debt to redeem part of· mortgaged property releases all security.**

Payment of the entire mortgage debt, required of the grantee of part of the mortgaged property to redeem such part, operates as a release of all the mortgaged property and property held as collateral for the indebtedness.

**7. Lis pendens ⬤⟿21—Property included by amendment of bill held subject.**

Sale of part of mortgaged property after bill to redeem from the mortgage has been amended to include such property is within the lis pendens.

**8. Mortgages ⬤⟿621—Under bill for redemption from mortgage, redemption from another not permissible.**

Grantee of part of mortgaged land in suit to redeem from the mortgage cannot redeem lands, not covered by the mortgage, from another mortgage given for another debt.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by S. B. Bowdoin and his wife, N. B. Bowdoin, against T. S. Faulk & Co. and the People's Bank of Samson, for an accounting, purging of usury certain mortgages, and to enjoin foreclosure. From the decree rendered, complainants appeal, and respondents file a cross-appeal. Affirmed on direct appeal; affirmed in part, and in part reversed and rendered on cross-appeal.

The bill was filed primarily to enjoin foreclosure, and for an accounting and to redeem certain lands and personal property mortgaged to T. S. Faulk & Co. and to the People's Bank of Samson. By amendment certain stock in the Farmers' Union Warehouse was included as to be redeemed. Temporary injunction was granted and afterwards dissolved. In the meantime Faulk & Co. procured a receiver to take charge of the crops and rents.

H. L. Martin, of Ozark, and J. A. Carnley, of Elba, for appellants.

S. B. Bowdoin, the husband should have been allowed to redeem. 198 Ala. 642, 73 South. 960; 186 Ala. 261, 65 South. 80. A mortgagor, who has sold his equity of redemption, cannot go on increasing the demands, and charge his assignee therewith. 51 Ala. 339; 27 Cyc. 1336–1338, 1341–1345. Counsel discuss other issues, but without citation of authority.

W. W. Sanders, of Elba, for appellees.

The court erred in overruling the demurrers and granting relief to the two complainants. 202 Ala. 635, 81 South. 577; 106 Ala. 417, 17 South. 623; 73 Ala. 42; 97 Ala. 491, 11 South. 918, and cases cited. The mortgagor and his vendee cannot join in such a bill. 197 Ala. 129, 72 South. 409. The relation of debtor and creditor is one of contract. 1 Elliott on Contracts, § 37, and note 93. The right to plead usury is personal, and may be waived. 108 Ala. 590, 19 South. 76; 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55. A mortgagor, who has conveyed his equity of redemption, cannot maintain a bill to redeem. 176 Ala. 134, 57 South. 705; 186 Ala. 261, 65 South. 80.

ANDERSON, C. J. [1] This bill was filed to enforce an equity of redemption as to certain property previously mortgaged by the husband S. B. Bowdoin, wherein these complainants set up usury in the mortgage debt, seek an accounting, etc. While the bill is by S. B. Bowdoin and his wife, N. B. Bowdoin, as joint complainants, it shows upon its face that previous to the filing of the same S. B. Bowdoin had conveyed all his right, title, or interest in and to the mortgage property to his wife, N. B. Bowdoin. Therefore S. B. Bowdoin has no right to maintain the bill for redemption. It is a well-established principle of law that a mortgagor who has conveyed his equity of redemption either in real or personal property, or both, cannot redeem. 3 Jones on Mortgages (7th Ed.) § 1056, p. 654; Cardwell v. Insurance Co., 186 Ala. 261, 65 South. 80. It is true that in the Cardwell Case, supra, this court held that the mortgagor there could redeem for the reason that, notwithstanding he had sold his equity of redemption, he retained an interest or lien upon the property, but which was not done in the present case.

[2-4] It is also well settled that the right to plead usury is a personal defense to the debtor or mortgagor, and may be waived, and is waived when he conveys the property to another, stipulating that the purchaser must assume the mortgage debt, to the extent that the purchaser must pay the full amount of the debt, usury and all, in order to effect a redemption of the property. Stickney v. Moore,

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

108 Ala. 590, 19 South. 76, and cases there cited. Indeed, the foregoing propositions are not seriously controverted in brief of appellant's counsel, but they contend that, notwithstanding usury is a personal defense to the debtor, these respondents are estopped from claiming that the husband mortgagor was cut off from his right to invoke this defense by virtue of the conveyance to his wife, for the reason that the mortgagee bank continued to deal with him, as its debtor under the mortgage, and without, for some time, recognizing the wife as the owner of the property. It is true they made him further advances under the terms of the mortgage after he had conveyed his equity to his wife, but we do not see how this could operate as an estoppel against them from setting up the fact that the husband had disposed of his property before filing the present bill to redeem, or how it could estop them from saying that the wife was not the debtor up to and prior to the time that they dealt with and treated her as such, and the trial court permitted her to plead usury as to all debts contracted with her, or her and the husband jointly, after the mortgagee bank recognized the conveyance and commenced to treat and deal with her as the owner of the property. We find no reversible error upon the part of the trial court upon the direct appeal.

### Upon Cross-Appeal.

[5] We think that the trial court properly held that Mrs. Bowdoin could maintain the bill to redeem, notwithstanding her husband and correspondent could not do so. Section 3212 of the Code of 1907.

Nor are we disposed to disturb the conclusion of the trial court to the effect that the respondents, Faulk & Co., had notice that their assignor the bank had been charging a usurious rate of interest.

[6, 7] As to the stock certificate, it has been transferred as part security for the mortgage indebtedness, and which said indebtedness Mrs. Bowdoin had to pay in order to redeem the property; and, if she had to pay the entire mortgage indebtedness, this should operate as a release of all the mortgage property, or property held as collateral security for said indebtedness. True, the original bill did not specify the warehouse certificate, nor does it seem to have been included in the injunction, but the bill was amended before the sale of the stock, asking for the redemption of same, and said sale was therefore within the lis pendens.

[8] As to the J. F. Bowdoin 80 acres, we do not understand that it was given to secure a part of the original mortgage indebtedness, or that the mortgage held upon same was from S. B. Bowdoin to the bank, or formed a part of the debt for which the mortgages in question were given to secure. In other words, it seems to have been a separable transaction, and was not embraced nor included in the indebtedness for which S. B. Bowdoin gave the bank or Faulk & Co. mortgages, and which Mrs. N. B. Bowdoin would have to pay as a condition precedent for redemption. It seems to have been for a separable and distinct debt, and was a conveyance by J. F. Bowdoin to the bank. We therefore think that the trial court erred in permitting the complainant N. B. Bowdoin to redeem said 80 acres of land under the present bill, and the decree of the trial court to this extent only is reversed, and one is here rendered denying relief as to the said J. F. Bowdoin 80 acres of land.

Affirmed upon direct appeal.

Affirmed in part, and reversed and rendered in part upon cross appeal.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.