(87 South. 173)

**BOND v. OATES. (4 Div. 863.)**

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Nov. 18, 1920.)

1. **Mortgages** ⬅591(1) — **Foreclosure of second mortgage cuts off right to redeem from first mortgage.**

The foreclosure of a second mortgage when there was no redemption therefrom under Code, § 5746, divested the mortgagor of all interest or title in the land, including his right to redeem from a first mortgage.

2. **Mortgages** ⬅591(1)—**After foreclosure of second mortgage agreement by purchaser to sell to mortgagor gives no right to redeem from first mortgage.**

Where property sold on foreclosure of a second mortgage to the mortgagee was sold by it to the mortgagor's wife, who entered into a contract with the mortgagor authorizing him to purchase the land by paying the amount paid by the wife, the contract merely gave the mortgagor, as between him and the wife alone, a right to purchase, and did not give him any interest or title to the land entitling him to redeem from the first mortgage.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by J. T. Bond against William C. Oates to restrain the foreclosure of a mortgage for an accounting and to redeem. From a decree denying relief, complainant appeals. Affirmed.

Lee & Tompkins and Farmer, Merrill & Farmer, all of Dothan, for appellant.

The injunction should not have been dissolved, on the denials of the answer in this case. 123 Ala. 145, 26 South. 324; 115 Ala. 239, 22 South. 465. There is nothing in the matter set up in paragraph 5 of the answer. 173 Ala. 14, 55 South. 301; 16 Cyc. 805; 168 Ala. 256, 53 South. 187. There is nothing in the plea of laches. 135 Ala. 459, 33 South. 537; 106 Ala. 535, 18 South. 154; 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738. The appellant had the right to redeem from appellee. 186 Ala. 261, 65 South. 80; 27 Cyc. 1813; 47 Ala. 418; (D. C.) 27 Am. Bankr. Rep. 536, 193 Fed. 787; (D. C.) 31 Am. Bankr. Rep. 94, 205 Fed. 673; 161 U. S. 513, 16 Sup. Ct. 637, 40 L. Ed. 791; 186 Ala. 360, 64 South. 621.

Hill, Hill, Whiting & Thomas, of Montgomery, and D. C. Halstead, of Headland, for appellee.

The denial of usury on information and belief is in proper form. 34 Ala. 626; 35 Ala. 309; 92 Ala. 130, 9 South. 219; Sims, Chancery Practice, 128. Interest on the mortgage was not stopped by the bankruptcy proceedings. 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244; 223 U. S. 723; 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; 7 C. J. 411; 3 R. C. L. 320. There is no competent evidence of usury before the court. Section 4007, Code 1907; 176 Ala. 240, 57 South. 819; 195 Ala. 588, 71 South. 114; 10 Ala. App. 420, 65 South. 194. The appellee was shown to be ignorant of any usury, and by extending the debt for eight or more years with him appellant is estopped from setting up usury. 200 Ala. 672, 77 South. 46; 139 Ala. 370, 37 South. 97; 24 Ohio St. 486. The appellant has no such interest in the real estate as to give him the right to enjoin the foreclosure. 84 Ala. 291, 4 South. 263; 74 Ala. 288; 180 Ala. 145, 60 South. 799; 133 Ala. 392, 32 South. 602; 143 Ala. 265, 39 South. 178, 111 Am. St. Rep. 42, 5 Ann. Cas. 724; 70 Ala. 61; 82 Ala. 622, 2 South. 520; 93 Ala. 186, 9 South. 590; 84 Ala. 295, 4 South. 266; 84 Ala. 298, 4 South. 268; 176 Ala. 134, 57 South. 705.

McCLELLAN, J. The appellant filed this bill against appellee, seeking to assert and effect the equity of redemption created by a mortgage executed in the year 1909 by appellant to appellee's father, William C. Oates, Sr., who died in 1910, to secure an indebtedness of $16,000. Incidental to this paramount object of the bill, temporary injunction was prayed and was issued to restrain the appellee from foreclosing the mortgage under the power of sale provided therein. On motion of appellee (Code, § 4535), the injunction was dissolved, and this appeal presents that action for review.

[1] Several years after this mortgage was executed to appellee's testator, Gen. Oates, the appellant, gave the American Agricultural Chemical Company a second mortgage on the property described in the Oates mortgage. Prior to the filing of this bill the mortgage to the chemical company was foreclosed by decree, the chemical company purchasing at the sale. This foreclosure effected to divest appellant, mortgagor to Oates, of all interest in or title to the land described in the mortgage to Oates, including appellant's equity of redemption resulting from the mortgage to Oates. Sibley v. Linton Coal Co., 193 Ala. 182, 184, 185, 69 South. 1; Arnold v. Black, 87 South. 170.[1] The appellant had two years in which to exercise his right of statutory redemption (Code, § 5746)

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 632.

from the decretal foreclosure of the chemical company mortgage. This he did not do.

[2] According to appellant's affidavit, with the exhibit to be quoted, the property was purchased by appellant's wife, no redemption being contemplated or accomplished. The exhibit reads:

"T. J. Bond and Della L. Bond agrees that she shall buy all land at Newville, Alabama owned by American Agricultural Chemical Company and sold by them under my mortgage to them in chancery court at $22,000, and T. J. Bond shall have three years to redeem said lands from her and pay her what money she is out. If he pays her the money in three years, the land is to be his. T. J. Bond pays said Della L. Bond $100 for this right to pay her what money she pays for the land in three years, and she is to make T. J. Bond a deed to all the land she buys from American Agricultural Chemical Company and in my mortgage to them, and the consideration is $100 and the money she is out for this contract."

The effect of this agreement was to invest appellant, as between himself and his wife alone, with the contractual right to purchase the property from her on the terms stipulated. If it should be assumed that a perfected purchase of the property by the appellant from his wife would operate to invest him with such interest in or title to the land as to establish or re-establish in him the equity of redemption that was divested by the foreclosure under decree of the chemical company mortgage, it is not claimed or shown that appellant has availed of or accomplished the purchase of the property under the quoted agreement with his wife. This contract with his wife did not invest appellant with any interest in or lien upon the land. In the case of Cardwell v. Virginia Ins. Co., 186 Ala. 261, 65 South. 80, the complainant was held to be a junior mortgagee, and hence was declared to be entitled to redeem under the equity of redemption resulting from the senior mortgage to the mortgage company, assigned by it to the insurance company. This appellant is not a junior mortgagee. He only has a contract to purchase the land on terms stipulated in the instrument. The appellant, complainant, is therefore without right to redeem in virtue of the equity of redemption resulting from the mortgage to Oates. The action of the court in dissolving the temporary injunction was well taken.

There are other considerations set up in the pleadings and supported in the affidavits that might lead to the like conclusion on this appeal. In view of the stated conclusion, viz. that there is no equity in the bill, it is not necessary to review those matters or to determine their merit.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.