## THOMAS v. BLAIR et al.   (4 Div. 3.)

(Supreme Court of Alabama.   June 29, 1922.)

1. **Dower** ☞29—**Homestead** ☞1—Dower is an expectancy, not title; wife has no interest in homestead.

Dower inchoate is not title, but a mere expectancy; and in the husband's land, which from occupancy has become characterized as the homestead, the wife has no estate or title.

2. **Mortgages** ☞596, 597—Wife's right to redeem not forfeited for failure to surrender possession.

Code 1907, § 5747, provides that possession of the mortgaged land must be delivered to the purchaser at foreclosure sale, within 10 days after the sale, by the "debtor * * * or any one holding under him by privity of title," on written demand of the purchaser or his vendee, and failure to do this forfeits the right to redeem. *Held* that, as there is no "privity of title" between husband and wife with respect to lands owned by the living husband, the mortgagor's wife's right to exercise the privilege, given her by section 5746, of redemption of lands sold under power of sale in a mortgage, is not subject to forfeiture under section 5747, irrespective of whether she was in possession of lands.

3. **Mortgages** ☞16 — May secure future advancements without specifying definite sum.

A mortgage may validly secure future advancements without specifying a definite sum.

4. **Mortgages** ☞16—Creation of future advancement secured is lawful right regardless of motive.

Where a mortgage secures future advancements, subsequent valid creation of indebtedness is the exercise of a lawful privilege, regardless of motive, since mere motive does not render the exercise of a lawful right fraudulent.

5. **Mortgages** ☞605—Tender for redemption in amount of note debt, interest, attorney's fees, and lawful charges sufficient.

Where there is in fact no valid indebtedness but the note debt, tender to redeem is sufficient where in amount of the note debt, interest, attorney's fees, and lawful charges to effect statutory redemption.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill to redeem by S. J. Thomas against M. W. Blair and another. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

This bill is filed by the appellant against the appellee Blair and the appellant's husband, J. M. Thomas. Its design is to effect statutory redemption from Blair as "purchaser," in consequence of a foreclosure, under power of sale, of a mortgage executed by the Thomases to Blair to secure a note to Blair for $650.05, maturing November 15, 1921, as well as any indebtedness resulting from subsequent advancements made to the mortgagor and his wife by Blair. The bill assumes that the exercise of the power through private sale, as authorized in the mortgage, was a sale at which the mortgagee was empowered to become the purchaser. The bill does not impeach or seek to avoid in any way the foreclosure of the mortgage. It is averred that the indebtedness represented by the note is the debt of complainant's husband alone; and the bill denies the existence or validity of any indebtedness because of subsequent advancements by the mortgagee to the complainant's husband. It is further averred that, in accordance with Code, §§ 5748, 5749, complainant made written demand upon Blair for an itemized statement of the amount necessary to redeem, to which Blair responded with an itemized statement. Though referred to as Exhibit C, this statement does not appear in the record. The next paragraph of the bill does, however, mention the items of subsequent advancements, wherefrom, along with the averments of paragraph 4, it appears that the items of charge contested are those for $1,800 and $700. The bill avers the tender to Blair as purchaser on January 2, 1922, of an amount equal to the note debt, interest, attorney's fees, and lawful charges to effect statutory redemption. After foreclosure under the power Blair made written demand upon complainant for possession of the land, and also upon one Weeks who was tenant under complainant's husband. The bill avers that Weeks surrendered possession on January 1, 1922; that complainant was not in possession of the land, being thereon as the guest of Weeks. The complainant offers to do equity, to pay any sum necessary to effect redemption.

The demurrer of appellee Blair was sustained. The appeal is from that action of the court below.

Mulkey & Mulkey, of Geneva, for appellant.

The wife of the mortgagor may exercise the right of redemption. Code 1907, § 5746. The only effect of notice to Weeks was to invest Blair with possession of the land. 193 Ala. 226, 68 South. 1012. Appellant had the right to hold possession of the land after a lawful tender had been made to redeem, followed by a bill for that purpose and deposit of money with the court. 23 Ala. 513; 55 Ala. 630.

H. G. Tiller, of Geneva, for appellees.

Brief of counsel did not reach Reporter.

McCLELLAN, J. [1, 2] Upon the wife of a mortgagor there is conferred the right to redeem. Code, § 5746. The complainant is so entitled unless she has forfeited the right to avail of the privilege. The debtor, mortgagor, or "any one holding under him by privity of title" must deliver possession to the purchaser within 10 days after the foreclosure sale "on written demand of the purchaser or his vendee." Code, § 5747. There is no "privity of title" between husband and wife with respect to lands owned by the living husband. Dower inchoate is not title. It is a mere expectancy. 5 Mich. Ala. Dig. p. 215. In the husband's land, which from occupancy has become characterized as the homestead, the wife has no estate or title. Witherington v. Mason, 86 Ala. 345, 349, 5 South. 679, 11 Am. St. Rep. 41. Not being the debtor or one "holding under him by privity of title," the wife's right to exercise the privilege of statutory redemption (Code, § 5746) is not subject to qualification or forfeiture created by Code, § 5747; this whether or not she was in possession of the lands sold under the power of sale in a mortgage. The statute (Code, § 5747) does not include the wife who desires to redeem. Hence the grounds of demurrer which proceed on the theory that complainant, the debtor's wife, was in default in not surrendering possession of the land within 10 days after written demand by the purchaser, were not well taken.

[3] A mortgage may be given to secure future advancements; and it is not essential to the validity of such an instrument that a particular or definite sum should be specified. Huckaba v. Abbott, 87 Ala. 409, 6 South. 48; Lovelace v. Webb, 62 Ala. 271, 280, 281; 1 Jones on Mortg. (7th Ed.) §§ 367, 367a.

[4, 5] If the mortgage was intended by the parties to secure indebtedness to be subsequently incurred to this mortgagee by complainant's husband—and that in fact appears in terms in the instrument—then the subsequent, valid creation of such indebtednesses was the exercise of a lawful privilege or right, without the taint of fraud, whatever the motive or purpose Thomas and Blair had in thus increasing the amount of the incumbrance upon the land. The exercise of a lawful right cannot be constituted wrongful or fraudulent by the mere motive or purpose

with which such right is exercised. Empire Realty Co. v. Harton, 176 Ala. 99, 106, 57 South. 763; Sparks v. McCreary, 156 Ala. 382, 388, 47 South. 332, 22 L. R. A. (N. S.) 1224. Hence the feature of the bill's allegations undertaking to characterize the incurring of the future indebtedness mentioned —if it was in fact incurred—as fraudulent is unimportant, contributing nothing to complainant's case. If, as the bill avers, there was in fact no valid indebtedness other than the note debt of $650.05, the tender averred by the complainant was sufficient and efficient; and complainant is entitled to redeem.

The demurrer should have been overruled. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.