(103 So. 650)

STRINGER et al. v. KELLY. (4 Div. 208.)

(Supreme Court of Alabama. April 9, 1925.)

Mortgages ☞606—Wife, whose husband forfeited right to redeem, held not required to give him notice of intention to redeem.

Wife filing bill to redeem homestead, under Code 1923, § 10140 (Code 1907, § 5746), held not required under Code 1923, § 10141, to give notice to husband of intention to redeem, where he forfeited his right to redeem, under section 10143 (Code 1907, § 5747), by his failure to deliver possession to the purchaser as required.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill in equity for redemption by L. L. Kelly against C. A. Stringer and others. Decree overruling demurrer to the bill, and respondents appeal. Affirmed.

Espy & Hill, of Dothan, for appellants.

The bill is defective in failing to show notice given by appellee to her husband of her intention to redeem. Code 1923, § 10141.

O. S. Lewis, of Dothan, for appellee.

The wife may redeem, notwithstanding the forfeiture by the husband of his right by failure to deliver possession. Farley v. Nagle, 119 Ala. 622, 24 So. 567; Thomas v. Blair, 208 Ala. 48, 93 So. 704.

GARDNER, J. Appellee is the wife of U. B. Kelly, with whom, on October 11, 1919, she joined in the execution of a mortgage upon the homestead to the Headland Realty & Farm Corporation. Both the land and the debt were that of the husband. On November 25, 1922, the mortgage was duly foreclosed, appellant C. A. Stringer becoming the purchaser. U. B. Kelly, the husband, failed to deliver the premises within 10 days as required by the statute upon demand in writing being made upon him by the purchaser, and thereby forfeited his statutory right of redemption. Section 5747, Code 1907; section 10143, Code 1923; Farley v. Nagle, 119 Ala. 622, 24 So. 567.

Appellee, the wife, files this bill for the exercise of the statutory right of redemption. Section 5746, Code 1907; section 10140, Code 1923; Thomas v. Blair, 208 Ala. 48, 93 So. 704.

The sole objection to the sufficiency of the bill relates to the failure to allege that notice was given to the husband, U. B. Kelly, of complainant's intention to redeem, and that said U. B. Kelly declined for a period of 60 days to exercise the right. The insistence is based upon provisions of section 10141, Code 1923.

Under the situation as here disclosed, it may be questioned that this latter section is controlling (Cowley v. Shields, 180 Ala. 48, 60 So. 267; Mixon v. Burleson, 203 Ala. 84, 82 So. 98; Jones v. Kelly, 203 Ala. 170, 82 So. 420), but this is a question which need not be here determined, and is expressly pretermitted, as we are of the opinion even should this section be applicable the bill is not subject to the demurrer interposed. The bill shows the husband had forfeited his right of redemption, and no necessity existed for the notice to be given as provided in the foregoing statute, as the law does not require the doing of a useless thing. That statute very clearly did not contemplate notice to be given to one who had no right of redemption, but whose right had been forfeited, as is here expressly averred.

The decree overruling the demurrer to the bill will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes