(107 So. 61)
**McDUFFIE v. FAULK et al.   (4 Div. 46.)**

(Supreme Court of Alabama.   Jan. 21, 1926.)

1. **Mortgages ⟨key⟩594(3)—Vendees of equity of redemption could exercise right of redemption after foreclosure sale.**

Vendees of equity of redemption, at time of mortgage foreclosure sale, could exercise right of redemption under Code 1923, § 10140, after foreclosure sale.

2. **Mortgages ⟨key⟩596, 597—Vendees of equity of redemption not entitled to redeem, where conveying their right to purchaser at mortgage foreclosure sale.**

Vendees of equity of redemption at time of foreclosure sale *held* without right to redeem under Code 1923, § 10140, after foreclosure sale, where they conveyed their right to redeem to purchaser.

3. **Mortgages ⟨key⟩596, 597—Right of wife of vendee of vendee of mortgagor to redeem held not affected by failure of her husband to comply with purchaser's demand.**

Right of wife of vendee of vendee of mortgagor, after real estate had been sold under

power of sale in mortgage, to redeem under Code 1907, §§ 5746, 5757, *held* not affected by failure of her husband to deliver possession of land to purchaser as required by statute.

**4. Mortgages ☞594(1)—Only persons named in statute can redeem when land sold under power of sale in mortgage; "debtor."**

Code 1923, § 10140, providing that land sold under power of sale in mortgage, etc., may be redeemed by "debtor," etc., includes·only those persons named in statute; "debtor" being a general word, and intended to include mortgagor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debtor.]

**5. Mortgages ☞274, 594(3)—Mortgagor's vendee has only equity of redemption which is extinguished by valid foreclosure sale; mortgagor's vendee has right of statutory redemption.**

Vendee of mortgagor secures only an equity of redemption in real estate, which is extinguished by valid foreclosure sale of it under power in mortgage, leaving vendee only right to redeem under Code 1923, § 10140.

**6. Mortgages ☞594(1)—Statute held not to confer right to redeem on wife of vendee of vendee of mortgagor.**

Code 1923, § 10140, providing that, when land is sold under power of sale in mortgage, etc., "debtor," etc., may redeem, confers right to redeem only on wife of mortgagor, and not on wife of vendee of vendee of mortgagor.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity for redemption by Collie McDuffie against J. E. Faulk and others. From a decree dismissing her bill, complainant appeals. Affirmed.

C. D. Carmichael, of Geneva, and Ludlow Elmore, of Montgomery, for appellant.

At the time of foreclosure, J. H. and W. S. McDuffie were the owners of the equity of redemption, and either could have redeemed, had he not conveyed away that right. Code 1907, § 5746; Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590; Harden v. Collins, 138 Ala. 399, 35 So. 357, 100 Am. St. Rep. 42. The original mortgagor could not have redeemed. Bowdoin v. Faulk & Co., 204 Ala. 280, 85 So. 503. W. S. McDuffie was the "debtor," as the word is used in the statute. Scott v. Dist. Court, 15 N. D. 259, 107 N. W. 61; State v. Buttz, 21 N. D. 540, 131 N. W. 241; McCauley v. Brady, 123 Mo. App. 558, 100 S. W. 541. The statute should be so construed as to give to the wife of the vendee of the mortgagor the right to redeem. Powers v. Andrews, 84 Ala. 289, 4 So. 263. Failure of the husband to surrender possession after demand did not defeat the right of the wife. Johnson v. Williams, 212 Ala. 319, 102 So. 527; Thomas v. Blair, 208 Ala. 48, 93 So. 704; Stringer v. Kelly, 212 Ala. 565, 103 So. 650.

Mulkey & Mulkey, of Geneva, for appellees.

The statutory redemption allowed by Code 1907, § 5476, is available only to those able to bring themselves within the terms of the act. Toney v. Chenault, 204 Ala. 329, 85 So. 742; Snow v. Land Co., 206 Ala. 310, 89 So. 719. The wife of the vendee of the vendee of the mortgagor is not included in the statute.

MILLER, J. This is a suit by bill in equity, filed by Collie McDuffie against J. E. Faulk and others, to redeem under the statute real property located in Geneva county, Ala., sold under the power of sale in a mortgage, which was purchased at the foreclosure sale by J. E. Faulk.

The trial court held complainant was not entitled to relief, and dismissed her bill of complaint, because her husband, W. S. McDuffie, was a vendee of a vendee of the mortgagor °of the lands, in possession thereof after the foreclosure sale, remained in possession, and refused on written demand of J. E. Faulk to deliver possession, and continued in possession after the written demand until a judgment of a court for the same was rendered in favor of J. E. Faulk against him. And the court further held complainant was not entitled·to the relief she seeks, because she is the wife of W. S. McDuffie, who is a vendee of a vendee of the mortgagor, and under the statute (section 5746, Code of 1907, now section 10140, Code 1923) the wife of a vendee of the mortgagor is not named as one who has the right to redeem real estate sold under the power of sale in the mortgage. The court by decree denied complainant relief, dismissed her bill of complaint, and taxed her with the cost of the proceedings. This appeal is prosecuted by complainant from that decree, and it is the error assigned.

M. F. Allen, a widow and owner of this land, gave, on August 30, 1909, a mortgage thereon to George M. Forman, to secure a $1,100 debt, due 10 years from date. This mortgage was on September 10, 1909, duly filed and recorded in the probate office of Geneva county. This mortgage and the debt it secured were for valuable consideration on July 7, 1917, duly transferred and assigned by George M. Forman to F. J. Mizell and J. E. Faulk, one of the respondents. The mortgage debt matured on August 30, 1917, and the power of sale therein became operative, and Mizell and Faulk duly· foreclosed the mortgage under the power of sale therein, the land was sold on the day advertised, October 8, 1917, and J. E. Faulk, a respondent, became the purchaser of the lands embraced in the mortgage, and conveyance thereof was made to him. The mortgagee or assigns under this mortgage may become the purchaser thereof at the foreclosure sale.

M. F. Allen, the widow and mortgagor, by warranty deed conveyed this land on Sep-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tember 9, 1912, to McDuffie Mercantile Company, a corporation. The McDuffie Mercantile Company by deed conveyed this land on December 28, 1915, to J. H. McDuffie and W. S. McDuffie, who were stockholders of the corporation at the time. The corporate name was signed to the deed by "J. H. McDuffie Vice-Pres. & Gen. Manager." A majority of the stockholders met and authorized this sale and conveyance to be made, as shown by the minutes of the corporation. The McDuffie Mercantile Company, its stockholders—among them J. H. McDuffie and W. S. McDuffie—on October 18, 1917, sold and released and relinquished by deed all their individual interest and the interest of the corporation in this land to J. E. Faulk. It is to be observed that this conveyance by this corporation and by these individuals was made after the foreclosure sale and purchase of this land on October 8, 1917, by J. E. Faulk, and this W. S. McDuffie is the husband of the complainant. Neither the complainant nor the wife of J. H. McDuffie signed this conveyance.

At the time of this foreclosure sale of this land, under the power in this mortgage, it appears from the foregoing conveyances that the equity of redemption in this land belonged to W. S. McDuffie and J. H. McDuffie; and they individually, by deed, after the sale with the corporation, McDuffie Mercantile Company, released and relinquished and sold their interest, which was then a statutory right of redemption, to J. E. Faulk. Baker Lyons & Co. v. Eliasberg & Bros. Merc. Co., 201 Ala. 591, 79 So. 13; section 5746, Code 1907. This placed in J. E. Faulk the complete title, unless the wife of W. S. McDuffie and the wife of J. H. McDuffie had, by virtue of the statute, a right of redemption. Section 5746, Code 1907. They had signed no conveyance of their rights, if any, to J. E. Faulk, or any one else.

J. E. Faulk, on or soon after October 18, 1917, conveyed these lands to J. N. McDuffie for a consideration of $3,500—$400 cash, and notes for the remainder of the consideration secured by mortgage on the land, signed by J. N. McDuffie. This J. N. McDuffie, the mortgagor, failed to pay this mortgage as contracted, and on the 4th of January, 1919, he reconveyed by deed this land to J. E. Faulk in payment of the purchase price. J. N. McDuffie was a single, unmarried man. In the meantime J. N. McDuffie had rented this land to W. S. McDuffie. His rent contract terminated December 31, 1918, and written demand was made by Faulk on him for possession of the land on January 10, 1919. He refused to give possession to Faulk. Proceedings for recovery of the land were thereafter begun by Faulk against him, and on December 11, 1919, resulted in judgment in favor of Faulk and against W. S. McDuffie for possession of the land.

On September 12, 1919, J. H. McDuffie and his wife, M. B. McDuffie, conveyed by deed the lands to complainant by warranty deed. This deed conveys if anything, only the right, statutory right to redeem of M. B. McDuffie, if such right existed, a right, if it exists, the complainant already possessed. J. H. McDuffie had previously conveyed his statutory right to redeem to J. E. Faulk by deed dated October 18, 1917. The foregoing facts are sufficient to pass on the decree of the court.

[1-3] When this mortgage was foreclosed by J. E. Faulk and Mizell, assignees of the mortgagee, W. S. McDuffie, husband of complainant, and J. H. McDuffie were the owners of the equity of redemption. They were vendees of the vendor, McDuffie Mercantile Company, and it was a vendee of the mortgagor M. F. Allen. Either W. S. or J. H. McDuffie had the right to exercise the statutory right of redemption after the foreclosure sale, as they were assignees or vendees of the equity of redemption at the time of the foreclosure sale. Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590. But each, after the foreclosure sale, conveyed away their statutory right to redeem this land to J. E. Faulk, respondent, and they thereafter had no statutory right to redeem. Bowdoin v. Faulk, 204 Ala. 280, 85 So. 503. The right of the wife of J. H. McDuffie, if any, was conveyed by her to complainant on September 12, 1919, and the following day complainant filed this bill of complaint. Whatever right, if any, belonged to the wife of J. H. McDuffie, the same right, if any, was possessed by complainant as the wife of W. S. McDuffie. The failure of the husband, W. S. McDuffie, of complainant, to deliver possession of the land to the purchaser within 10 days, as required by the statute, upon demand in writing being made upon him by the purchaser, would not affect her right, if any, to redeem under the statute; and the chancellor was not justified in dismissing her bill on that ground. Her husband's acts or failure to act would work no forfeiture of her statutory redemption right, if any exists. Sections 5746, 5757, Code 1907; Johnson v. Williams, 212 Ala. 319, 102 So. 527; Stringer v. Kelly, 212 Ala. 565, 103 So. 650; Thomas v. Blair, 208 Ala. 48, 93 So. 704.

[4] The word "debtor," as used in the redemption statute (section 5746, Code of 1907), is a general word, intended to include mortgagor, and mean only the mortgagor under the facts of this case, when the land is sold under the power of sale in a mortgage. Who may redeem under this statute? No one except those persons coming within the terms of the statute, the persons named in the statute. In Powers v. Andrews, 84 Ala. 291, 4 So. 263, 264, this court wrote:

"It necessarily follows from these principles, which are now too well settled to be disturbed, that the statutory right of redemption can only

be exercised by the persons named in the statute, in the mode, within the time and upon the conditions there prescribed; although in construing the statute it must be interpreted liberally in favor of the debtor to prevent the oppressive sacrifice of his estate."

In Snow v. Land Co., 206 Ala. 310, 89 So. 719, this court wrote:

"The statutory right of redemption can only be exercised by the persons named in the statute, in the mode, within the time, and upon the conditions therein prescribed."

See, also, Commercial R. E. & B. A. v. Parker, 84 Ala. 298, 4 So. 268; Aiken v. Bridgeford & Co., 84 Ala. 295, 4 So. 266.

[5] It must be remembered the vendee of the mortgagor secures only an equity of redemption in the real estate, which is extinguished by a valid foreclosure sale of it under the power in the mortgage, leaving no right in the vendee, except this right to redeem conferred by this statute. Section 5746, Code 1907; Baker Lyons v. Eliasberg, 201 Ala. 591, 79 So. 13.

[6] The words "wife" or "widow" did not appear in the redemption statute (section 1879, Code 1886), or in section 3505, Code 1896, as one who could redeem. This court, in Walden v. Speigner, 87 Ala. 379, 6 So. 81, held this statute did not confer upon the widow of the mortgagor the right to redeem. It was approved in Gandy v. Tippett, 155 Ala. 298, 46 So. 463; and in Robbins v. Brown, 151 Ala. 236, 44 So. 63. So the statute was revised by the Code Commission in 1907, and the words "wife, widow, child, heir at law, devisee," were included as those who could redeem. This amendment thereof was to meet the decisions of this court that the statute did not confer on the wife or widow of the mortgagor the right to redeem after the real estate is sold under a power of sale in a mortgage. After this statute (section 5746) was incorporated in the Code of 1907, this court, in Thomas v. Blair, 208 Ala. 49, 93 So. 704, 705, wrote: "Upon the wife of a mortgagor there is conferred the right to redeem." Section 5746 of Code 1907. Does this statute confer the right to redeem on the wife of the vendee of the vendee of the mortgagor, after the real estate has been sold under the power of sale in the mortgage? It confers it on the wife of the mortgagor. Does it confer it also on the wife of the vendee of the mortgagor? Does it confer it on the wife of each of the vendees of the vendee of the mortgagor, one of whom is the complainant in this cause? That is the question presented by this record. It confers the right to redeem on the—

"debtor [mortgagor], his vendee, junior mortgagee, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or his vendee or assignee of the right to redeem."

The word "his" before the first vendee therein also belongs before and qualifies and limits wife, meaning his wife, the mortgagor's wife. The statute by the use of the word "wife" did not intend to include the wife of his vendee and the wife of his junior mortgagee. If so, instead of using the word "wife," it would have used some phrase like "and their respective wives," indicating the wife of all others were intended and included. As the statute reads, we must hold the Legislature intended thereby to confer the right to redeem only on the wife of the debtor (meaning the wife of the mortgagor as applicable to the facts of this cause), and not on the wife of the vendee of the mortgagor, and not on the wife of the vendee of the vendee of the mortgagor. Authorities, supra.

The complainant has no right, under this statute, to redeem this land. It does not confer on her the right to redeem. Section 5746, Code of 1907.

The decree of the court below is affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.