(137 So. 777)
## CRAWFORD v. FIRST NAT. BANK OF DOTHAN.
### 4 Div. 599.

Supreme Court of Alabama.
Nov. 27, 1931.

Farmer, Merrill & Farmer, of Dothan, for appellee.

ANDERSON, C. J.

Bill by the appellee bank against the appellant to redeem certain real estate which had been sold under execution in favor of Forrester and purchased by said Forrester at said sale. The bill avers that this appellant purchased (not redeemed) the land from said Forrester, she being the wife of the debtor, J. L. Crawford.

Section 10148 of the Code of 1923 reads as follows:

"*Judgment Creditors Allowed to Redeem.* —All judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land, or within two years thereafter, except by confession of the debtor, may in like manner redeem the land from such purchaser, or any one claiming under him, by paying or tendering the amount bid for such land at a sale thereof, and ten per cent per annum thereon, together with all lawful .charges; and by further offering to credit the debtor upon a subsisting judgment with a sum at least equal to ten per cent of the amount originally bid for the land; or to cancel his judgment, if it be less than ten per cent of the amount originally bid for the land; and upon such payment or tender being made, and credit given, or cancellation made, to the debtor, the title to such land vests in the creditor, and the purchaser must convey to him such title as he has, at the costs of the creditor."

It must be observed that this provision authorizes this appellee, who obtained its judgment within two years after the sale, to redeem the real estate from "such purchaser, or any one claiming under him," and as the appellant claims under him the property was subject to redemption from her by this appellee.

We, of course, cannot extend the redemption statutes to a class not therein embraced. McDuffie v. Faulk, 214 Ala. 221, 107 So. 61; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719. But the statute gives this complain-

622

ant the right to redeem against any one claiming under Forrester, the purchaser, as the bill charges that she holds under him as a purchaser.

We agree with appellant's counsel that, where the property sold consists solely of the homestead, a judgment creditor, without a waiver of the homestead exemption, cannot redeem said homestead from a purchaser of same at a mortgage sale. Bass & Co. v. Benson, 158 Ala. 306, 47 So. 1028. Here, however, the real estate sold exceeded the value of the homestead, and the exemption was carved out of the proceeds of the sale and turned over to the judgment debtor, and, when this respondent purchased from Forrester, she acquired the property subject to the statutory rights of the husband's creditors.

Whether it was necessary for the bill to specifically offer to credit the complainant's judgment with 10 per cent. instead of by a general offer to do equity, and to pay all amounts required by the court, we need not decide, as there is no demurrer making this point.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.