183 So. 661

### HUIE et al. v. SMITH.

3 Div. 252.

Supreme Court of Alabama.

May 26, 1938.

Rehearing Denied Oct. 6, 1938.

518

Douglas Booth, of Prattville, for appellee.

H. E. Gipson & Son, of Prattville, Reese & Reese, of Selma, and Ball & Ball, of Montgomery, for appellants.

FOSTER, Justice.

The bill in this case was filed by a child of one of the joint mortgagors still living to exercise the statutory right of redemption of land sold in foreclosure of the mortgage, which was prior in right to another given by the same mortgagors.

The fact that complainant's parent mortgagor is still alive, and that complainant owns no property right in the land, and had none when the mortgage was foreclosed, does not, as we have held, militate against the right conferred on her by section 10140, Code, to redeem the land after foreclosure, though she could not have done so before foreclosure. Malone v. Nelson, 232 Ala. 243, 167 So. 714; Long v. King, 233 Ala. 379, 171 So. 738; Estes v. Johnson, 234 Ala. 191, 174 So. 632; Faulk v. McDuffie, 215 Ala. 584, 112 So. 229; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61; Thomas v. Blair, 208 Ala. 48, 93 So. 704.

The second mortgage on the land was made by the same mortgagors to a different mortgagee. It had been foreclosed

before the first was, the mortgagee becoming the purchaser and at the time this bill was filed the right to redeem from that sale had expired by operation of the statute.

So far as the present inquiry is concerned the effect of that mortgage, its foreclosure, and the expiration of the right to redeem on account of the sale so represented, merely conferred upon the purchaser at such sale the status of a vendee of the equity of redemption, having the right to exercise the privileges of the statute by its terms. By the foreclosure of the second mortgage, the purchaser became the owner of the equity of redemption from the first mortgage, but subject to an exercise of the statutory right of redemption from him until that right expired. The time expired within which to exercise such right as to the second mortgage after the foreclosure of the first. But that circumstance only served to make certain and unconditional a right otherwise existing, but not absolute, in such foreclosure purchaser.

Section 10141, Code, prescribes certain priorities in right for twelve months from the foreclosure sale. After that time it may be exercised by any one named in section 10140, Code, without recognizing any priority in another so named. Long v. King, supra.

This bill was not filed by the child until after the expiration of twelve months from the date of sale, and only two days before the expiration of the full period in which the right may be exercised. The second mortgage and its foreclosure did not cut off the right of a child under section 10140, Code.

This situation is not confused by the principle declared in some of our cases which hold that the equity of redemption, being a property right which exists before foreclosure, is terminated by a conveyance of that right. That results when the mortgagor executes a second mortgage which is foreclosed, and the period expires for redemption without its exercise. Bond v. Oates, 204 Ala. 666, 87 So. 173; Hart v. Jackson Street Baptist Church, 224 Ala. 64, 139 So. 88. But this does not affect the rights of persons named in the statute, other than the mortgagor, to exercise the privilege there conferred. The statutory right is not dependent upon property interests nor whether others named may have disposed of their right.

No one person in the list of those named can cut off the rights of another not in privity with him in ownership of this right by affirmative act or omission except by an exercise of the right itself. See McDuffie v. Faulk, 214 Ala. 221, 107 So. 61, and cases cited; Thomas v. Blair, supra. It is a personal privilege conferred on each class of persons named. Each is separate and independent of others or the rights of others not in privity. The parent and child while both are alive are not in privity. See Thomas v. Blair, supra. But some classes have priority over others when asserted in the time and manner provided. When not so asserted, all priority ceases and it is a race of diligence. Long v. King, supra.

No other question was argued at the bar or in briefs.

The decree of the chancellor conforms to our views.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

At the time of the execution of the mortgage, from whose foreclosure the right of redemption is here sought, the statute was in effect which conferred the right upon complainant in this case. So that when the mortgage was made and when it was foreclosed, the parties made their contract subject to that right as though they had so expressly agreed. It does not therefore violate the due process clause of the State or Federal Constitution, Const.Ala.1901, § 13; U.S.C.A.Const. Amend. 14. Estes v. Johnson, 234 Ala. 191, 174 So. 632; Cowley v. Shields, 180 Ala. 48, 60 So. 267.

Application overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.