EMBRY, Justice
(dissenting).
The sole issue for review in this case is whether the children of Chester Bland have a right to redeem under §§ 6-5-230, 6-5-231, and 6-5-232, Code 1975. In my view, these three code sections must be read in pari materia. Section -230 sets out the parties who may exercise the right of redemption and limits exercise of that right to a period of one year. Section -231 sets the order of priorities of the parties with respect to the right to redeem and provides a method and/or a time limit allowing one party to ascend in priority if a party senior in priority fails to act within specified time limits. Section -232 recognizes the right of a wife, children, and others, and permits redemption in the event a junior mortgagee redeems from the foreclosure of a prior mortgage, with a limitation of one year from the original sale. Interpretation of the term “original sale” is the key to adjudication of the timeliness vel non of the Bland children’s attempt to exercise any rights of redemption granted them under the code sections.
The adjudicatory portion of the trial court’s summary judgment is:
“It is the opinion of the Court that the phrase ‘within one year from the time of the original sale’ as it applies to the right of redemption granted under Section 6-5-232, means, in this case, from the sale held at the foreclosure on July 24, 1979. The Court therefore finds in favor of the defendant.”
The parties agreed there are no disputed facts and the trial court needed only to address a question of law.
Appellant places great reliance upon Huie v. Smith, 236 Ala. 516, 183 So. 661 (1938), to sustain her position. That reliance is misplaced. Appellee correctly distinguishes the facts in Huie from the facts in the case sub judice. In Huie there were two mortgages, a first mortgage from Smith to Lamar which was assigned to Armstrong and foreclosed by the latter on 2 February 1934 and the property sold to Huie. A second mortgage, Smith to Gayle, which was foreclosed 5 December 1932 and the property sold to Gayle. Plaintiff, a child of Smith, sought to redeem from Huie under the first mortgage and not from Gayle under the second mortgage. Gayle did not redeem from the first mortgage, as did Hunter in this case. After 24 July 1979 (the foreclosure date of the second mortgage, at which Hunter became the purchaser), Virgil Hunter was the owner and not a junior mortgagee. Hunter subsequently sold his title, rights, and interest to and in the real property here involved. After 5 January 1982, the Kings were owners and not senior mortgagees. In my opinion, the trial court correctly interpreted “original sale” as being that of 24 July 1979, and no notices were given anyone during the one-year period 24 July 1979-24 July 1980. After the latter date, the Bland children’s rights of redemption were terminated.
For the stated reasons, I would affirm the judgment of the trial court.
FAULKNER, J., concurs.