**In re Jimmie Howard CASSITY,
Sandra Fay Cassity,
Debtors.**

No. 01–11428.

United States Bankruptcy Court,
S.D. Alabama.

Aug. 3, 2001.

Theodore L. Hall, Mobile, AL, trustee.

Michael B. Smith, Mobile, AL, for Debtors.

## ORDER SUSTAINING TRUSTEE'S OBJECTION AND DENYING HOMESTEAD EXEMPTION

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the objection of the trustee to the homestead exemption of $5,000 claimed by Jimmie Howard Cassity. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is sustaining the trustee's objection and is denying the homestead exemption of Jimmie Howard Cassity.

### FACTS

Sandra and Jimmie Cassity filed this Chapter 7 case on March 20, *2001*. At filing they were husband and wife and resided at 7370 Howells Ferry Road, Mobile, Alabama 36618. The parties claimed the real property as homestead property on their bankruptcy schedules and each claimed a $5,000 homestead exemption pursuant to Ala.Code § 6–10–2 (Michie 1993).

The real property is owned in fee simple by Ms. Cassity. She received the property in 1985 from her grandmother by deed. At the time of the transfer of the property to Ms. Cassity, she was single. She and Mr. Cassity were married and divorced before 1985 and remarried in 1990. Mr. and Ms. Cassity have both made payments on the mortgages on the property. Mr. Cassity paid through wages he earned; Ms. Cassity through her SSI payments.

The trustee does not dispute the fact that the Howells Ferry property is a homestead or that Ms. Cassity is entitled to claim a homestead exemption.

### LAW

The Alabama homestead exemption statute is contained in Title 6, Chapter 10 of the Alabama Code. Title 6 deals with "Civil Practice." Chapter 10 is entitled "Exemptions from Levy and Sale Under Process." Section 6–10–2 states:

> The homestead of every resident of this state ... not exceeding in value $5,000 ... shall be, to the extent of any interest he or she may have therein, whether a fee or less estate ... exempt from levy and sale under execution or other process for the collection of debts ... when a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein ...

Ala.Code § 6–10–2 (Michie 1993).

As the debtors allege, Alabama courts have held that the law is to be liberally construed because preservation of homes is of paramount importance. *First Alabama Bank of Dothan v. Renfro*, 452 So.2d 464 (Ala.1984); *McPherson v. Everett*, 277 Ala. 519, 172 So.2d 784 (1965).

Mr. Cassity's interest in the homestead at the filing of this case was an inchoate interest. *Thomas v. Blair*, 208 Ala. 48, 93 So. 704 (1922) ("Dower inchoate is not title. It is a mere expectancy."). He holds no fee interest or interest for a term. His interest is not one upon which any creditor can levy or execute.

The purpose of the homestead exemption statute is to protect all or part of a debtor's homestead from creditor seizure. If Mr. Cassity's interest is contingent or inchoate enough that it is not subject to creditor seizure, it is also not choate enough to give rise to a homestead exemption. The key is whether third parties, but

for the exemption, would have a right to levy or execute on the property interest.

Debtors allege that the fact that Mr. Cassity would have to sign any deed his spouse executes to transfer the property makes this interest a property interest sufficient for homestead purposes. However, this does not change the result. Ala. Code § 6–10–3 (Michie 1993). Section 6–10–3 does not make the interest of the spouse a seizable interest. The statute is a protection for a spouse who does not have an otherwise protectable interest. Without this statute a spouse would have not a right to prevent a sale of the homestead in which he or she is living. E.g., *People's Bank of Red Level v. Barrow*, 208 Ala. 433, 94 So. 600 (1922) (pre–1975 recodification). If the spouse had a present property interest, such as a joint tenancy or undivided interest or cotenancy, the spouse would not need the protection of Section 6–10–3. Any deed would require that spouse's signature. Precisely because the spouse with only a dower or inchoate interest has only an expectancy, the statute is necessary. Without it, the spouse's signature would be required.

This opinion is consistent with the *In re Ladnier* order sustaining trustee's objection to exemptions, Case No. 97–13668, p. 2 (Bankr.S.D.Ala. Feb. 3, 1998) in which this Court stated that "ownership is an essential element of any exemption claim .... *Central Bank of Alabama v. Gillespie*, 404 So.2d 35 (Ala.1981)." The main element of a homestead exemption right is an interest, an ownership right, which is choate and seizable. As stated in *Beard v. Johnson*:

> It is manifest that ownership, entire or partial, in fee or for a term, is one of the essentials of rightful claim of homestead exemption. If there is no ownership, there is no liability to execution, and no

occasion or field of operation for the claim of exemption.

87 Ala. 729, 6 So. 383, 383–84 (1889).

THEREFORE, IT IS ORDERED that the trustee's objection to the claim of exemption of Jimmie Howard Cassity is SUSTAINED and the homestead exemption is DENIED.