TORBERT, Chief Justice.
This appeal by Glenda Bland, the mother of minor children Lashunda Bland, Angela Bland, and Consuella Bland, is from a judgment denying relief in an action seeking to redeem certain real property. We reverse and remand the cause for further proceedings.
In October of 1978, Chester Bland, deceased, father of the minor children named above, executed a mortgage upon the real property, the subject of this action, to Davis King and his wife Marion King. In February of 1979, Bland gave a second mortgage on the same property to Virgil *331 Hunter. After default, Hunter foreclosed the second mortgage, and he was the purchaser at the foreclosure sale on July 24, 1979. Bland did not exercise his statutory right of redemption regarding this foreclosure,-and the statutory period expired July 24, 1980.
Subsequently, the Kings foreclosed the first mortgage, and they were the purchasers at that sale on January 5, 1982. Then, on February 12, 1982, the Kings conveyed all their rights, title, and interest in the real estate to Hunter.
The Bland children, through their mother as trustee, made demand of Hunter on June 24, 1982, for a statement of debt and other lawful charges. On August 19, 1982, the Bland children, by their mother,[1] filed this action seeking to redeem.
The basic issue raised is whether the children of a mortgagor may redeem from the foreclosure of a first mortgage after expiration of the redemption rights in a previously foreclosed second mortgage.
Hunter filed a motion for summary judgment. Hunter argued that the redemption rights of the Bland children were governed by § 6-5-232 and that the language of that section required redemption within one year of the foreclosure of the second mortgage. The trial court found for Hunter with respect to the time for redemption, while stating some reservations as to the applicability of § 6-5-232:
“It is the opinion of the Court that, to the extent that the provisions of Section 6-5-232 had any application to the fact situation involved in this case, the right of redemption would have had to have been exercised (or at least a demand made for the redemption value) within one year following the foreclosure of the second mortgage on July 24, 1979. This right expired on July 24, 1980, without being exercised and thereafter the Defendant owned all of the interest of Chester Bland in the property and there were no rights in either [him] or the group of persons named in Section 6-5-232 to redeem from the foreclosure of this original mortgage. It is the opinion of the Court that the phrase “within one year from the time of the original sale” as it applies to the right of redemption granted under Section 6-5-232, means, in this case, from the sale held at the foreclosure on July 24, 1979. The Court therefore finds in favor of the Defendant.”
(Emphasis added.) Section 6-5-232 creates a right of redemption by the debtor’s wife, widow, children, heirs, or devisees from a junior mortgagee or junior judgment creditor who had redeemed from a senior mortgagee or creditor. The statute provides as follows:
“(a) In the event a junior mortgagee or junior judgment creditor redeems from the foreclosure of a prior mortgagee or from a prior judgment creditor, the debtor’s wife, widow, children, heirs or devisees may redeem from such junior mortgagee or junior judgment creditor by paying to the junior mortgagee or junior judgment creditor the amount which he paid to redeem, together with:
“(1) Ten percent interest thereon from the time he paid it;
“(2) The amount of the secured debt of the junior mortgagee or junior judgment creditor; and
“(3) The interest and all lawful charges upon the premises which have accrued after the redemption by the junior mortgagee or junior judgment creditor.
“(b) The redemption from the junior mortgagee or junior judgment creditor provided for in this section shall be made within one year from the time of the original sale and in the manner and mode as provided for in cases of redemption from the first or senior mortgagees *332 or other purchasers at execution or judicial sales.”
(Emphasis added.) The issue considered by the trial court was whether the phrase “the original sale”[2] refers to foreclosure of the junior mortgage in 1979 or the subsequent sale of the senior mortgage in 1982.
The parties misunderstand the basic framework which governs the statutory right of redemption. When Hunter foreclosed his second mortgage, and was the purchaser at the foreclosure sale, he became the owner of the equity of redemption in the property subject to the senior mortgage.[3] Hunter, who purchased at his foreclosure sale, ceased to be the junior mortgagee. Instead, he became the owner or assignee of the equity of redemption. Section 6-5-232 contemplates only the situation where the senior mortgage is foreclosed before the junior mortgage. The statute does not apply to the present action where the junior mortgage was foreclosed first. The trial judge was correct in questioning the application of § 6-5-232.
The statute which appears to apply is § 6-5-230:
“Where real estate, or any interest therein, is sold under execution or by virtue of any judgment in a court of competent jurisdiction or under any deed of trust or power of sale in a mortgage, the same may be redeemed by the debt- or, junior mortgagee, vendee of the debt- or or assignee of the equitable or statutory right of redemption, wife, widow, child, heir at law, devisee or any vendee or assignee of the right of redemption under this Code from the purchaser or his vendee within one year thereafter in the manner provided in this article.”
Sections 6-5-230 and 6-5-231 create a set of priorities with respect to potential re-demptioners. The parties listed in § 6-5-230 appear in descending order of priority. In order to redeem within six months of a foreclosure, a putative redemptioner must give notice to those who have a higher priority under § 6-5-230. § 6-5-231, Code 1975. Failure to give notice and otherwise comply with the statutes will give the parties with higher priority a later opportunity to redeem. See Upchurch v. West, 234 Ala. 604, 608-09, 176 So. 186, 189-90 (1937). See generally Coastal Bank of Ga. v. Le-Maistre, 359 So.2d 781 (Ala.1978).
We are unable to reach the issue of the respective priorities of Hunter and the Bland children under § 6-5-230. The trial court has not decided the issue, and the parties have not briefed it. Indeed, the record is not clear as to the transaction on February 12, 1982, wherein Hunter acquired .the subject property from the Kings (the senior mortgagees who had earlier foreclosed their first mortgage and were the purchasers at the foreclosure sale). That instrument was not found in the record. Appellee Hunter, in his brief, contends that he is not a junior mortgagee but is “a purchaser at sale,” but appellant, in her brief, refers to Hunter as having redeemed from the Kings. Moreover, Appel-lee Hunter, in discussing the decision in Huie v. Smith, 236 Ala. 516, 183 So. 661 (1938), refers to himself as having redeemed from the Kings (the senior mortgagees). Whether the transaction on February 12, 1982, was a purchase or a redemption is an important issue in the determination of the rights of the respective parties.
Therefore, we reverse the summary judgment, which applied § 6-5-232 to prevent redemption, and remand the cause for a determination of redemption rights under § 6-5-230.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*333 MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.
ALMON, J., not sitting.
ADAMS, J., recused.

. The action was originally filed by Glenda Bland as "trustee" of the children. The trial court deemed this filing improper. According to that ruling, Glenda Bland should have filed as "next friend" of the children. The court permitted an amendment and allowed it to relate back to the time of the filing of the original complaint. The propriety of this determination is not before the Court.

. Since we hold that § 6-5-232 only applies to situations where the senior mortgage is foreclosed before the junior mortgage, the phrase "the original sale” will always refer to the foreclosure of the senior mortgage.

. In Alabama, a "title state,” a mortgage passes legal title to the mortgagee. The mortgagor is left with the equity of redemption. See Trauner v. Lowrey, 369 So.2d 531 (Ala. 1979). When the mortgagor enters into a junior mortgage, the junior mortgagee is vested with the equity of redemption in the senior mortgage. Under such circumstances, the mortgagor only has the equity of redemption in the junior mortgage.