## SOUTHERN BANK OF LAUDERDALE COUNTY, Plaintiff,

v.

## INTERNAL REVENUE SERVICE, United States of America, Defendant.

### No. CV 82–HM–5236–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

Feb. 16, 1984.

John E. Higginbotham, Florence, Ala., for plaintiff.

Curtis L. Muncy, Tax Div., Dept. of Justice, Washington, D.C., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for defendant.

### MEMORANDUM OF DECISION

ACKER, District Judge.

Plaintiff Southern Bank of Lauderdale County (hereinafter "Bank") brought this action seeking to quiet title to a certain parcel of improved real property located in Lauderdale County, Alabama (hereinafter "property"). The property was originally owned by Florence Reinforced Plastics, Inc. (hereinafter "Plastics"), an Alabama corporation. Plastics executed two mortgages on the property to Bank. These mortgages were properly recorded by Bank in the Office of the Judge of Probate in Lauderdale County, Alabama on November 30, 1978 and April 18, 1979. Defendant and counterclaimant Internal Revenue Service, United States of America (hereinafter "IRS"), claimed a lien on the property based upon Plastics' unpaid federal employment and withholding tax liabilities, penalties and interest. It is uncontested that IRS gave Plastics proper notice of the tax deficiencies, made proper demand for payment and on February 5, 1982 filed a Notice of Federal Tax Lien in the Office of the Judge of Probate in Lauderdale County, Alabama. Plastics defaulted on the mortgages and on March 30, 1982 Bank conducted a nonjudicial foreclosure sale pursuant to the power of sale contained in the mortgage. Although this sale was advertised in the Florence Times, it was stipulated by Bank in its own complaint that no notice was provided to IRS as is required by I.R.C. § 7425(b)(1) [1] and no prior consent

---

1. Section 7425(b)(1) provides in pertinent part: [A] sale of property on which the United States has or claims a lien, or a title derived from enforcement of a lien, under the provisions of this title, made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a nonjudicial sale under a statutory lien on such property—

for the sale was obtained from IRS. Bank bought the property at this nonjudicial foreclosure sale for $37,714.18.

In the complaint, Bank seeks: (1) an injunction prohibiting IRS from selling the property, (2) a discharge of the lien of IRS under terms of substitution of the proceeds from the sale or a posting of a bond as provided by 28 U.S.C. § 6325, and (3) the court's determination that Bank owns the property with the rights of IRS or any other interested party being governed by redemption provisions of state law. Bank also filed a motion for a preliminary injunction which was later withdrawn. On June 30, 1982, IRS filed an answer and a counterclaim wherein prayer was made for the court to: (1) decree that IRS has a valid encumbrance on the property, (2) order a sale of the property pursuant to I.R.C. § 7403(c), and (3) award IRS its costs.

On April 19, 1983 IRS filed a motion for summary judgment; Bank filed a motion for summary judgment on May 25, 1983. Both parties filed briefs in support of their respective summary judgment motions.

 It is Bank's position that the lien of IRS for taxes under I.R.C. § 6321 would only apply to the interest in the property that Plastics (taxpayer) held during the time prior to the foreclosure sale. Section 6321 provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property whether real or personal, belonging to such person.

Bank asserts that state law controls in determining what legal interest Plastics had in the property while federal law determines whether a lien attached to the property and the priority of competing liens

asserted against the property. IRS does not seem to quarrel with this general proposition. Due to the fact Alabama is a "title" state—i.e., upon execution of a mortgage legal title passes to the mortgagee—Bank asserts that the only interest retained by Plastics was an equitable right of redemption. Bank thus argues that Plastics' equitable right of redemption was the only interest to which IRS's tax lien could have attached. The court finds merit in this argument. Although a foreclosure sale generally extinguishes the equitable right of redemption, it is the position of both parties that because IRS did not receive notice of the sale, the tax lien remained in effect; the parties do differ, however, as to what property or property interest the lien of IRS attached. Bank would thus have the court determine that IRS presently retains a statutory right to redeem while Bank, as purchaser at the foreclosure sale, holds legal title. IRS would have the court determine that its lien attached to the property prior to the foreclosure sale and remained attached to the property after the foreclosure sale free of the Bank's lien.

IRS relies upon *Baldwin County Savings and Loan Association v. United States*, 81–2 U.S.T.C., para. 9619 (S.D.Ala. 1981). Although *Baldwin County* involved facts that are essentially the same as the facts in the above entitled civil action, this court respectfully disagrees with the approach taken therein by the Honorable W.B. Hand, United States District Judge for the Southern District of Alabama. In *Baldwin County*, as in the case presently before the court, plaintiff-mortgagee nonjudicially foreclosed its mortgage without notifying the United States who had filed a Notice of Federal Tax Lien against mortgagor more than 30 days prior to the foreclosure sale. The court in *Baldwin County* held that: (1) due to the lack of notice to United States the lien of United

---

(1) shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by

law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1); ...

**14**

States was undisturbed by the foreclosure sale; (2) the mortgage was extinguished by the sale; and (3) the junior lien of the United States was automatically elevated to senior lien status.

This court believes that the argument of IRS, which is based upon *Baldwin County*, contains an inconsistency. This inconsistency, which is crucial in this court's determination, concerns the legal effect IRS would have this court give the nonjudicial foreclosure sale conducted by Bank on March 30, 1982. Either the foreclosure sale is effective as to IRS, or it is not. IRS cannot call the sale ineffective as to the rights of Bank and yet call it effective to give IRS a first lien. The law cannot allow such an anomoly. Equity and fairness preclude IRS from "having its cake and eating it too" just because of error of notice. It seems to this court that Bank not only has the better equitable argument, but the better technical argument. In *Trauner v. Lowrey*, 369 So.2d 531 (Ala.1979), the Supreme Court of Alabama reaffirmed the principle that an Alabama mortgagee has the legal title and that a mortgagor can only convey his equity of redemption. Thus, the IRS lien could only attach to what the mortgagor had and could not leap ahead of Bank simply because Bank purchased at foreclosure. It would be unfair in the extreme to make a distinction here between foreclosure sales where a third party purchases and where the mortgagee purchases. The court must therefore conclude that, *as to IRS*, the nonjudicial foreclosure sale conducted by Bank on March 30, 1982 is a nullity. Legal title to the property in issue under the law of Alabama was held by Bank prior to the sale and continues to be held by Bank. The effect of this court's ruling is to place the parties in the same position vis-a-vis each other as they were in just prior to Bank's nonjudicial foreclosure sale. This means, of course, that the court disagrees with the Bank's contention that IRS only has a statutory right to redeem.

A separate order implementing the provisions of this Memorandum of Decision will be entered contemporaneously herewith.