MADDOX, Justice.
This case involves a conflict in determining which party has a higher priority right to redeem certain real property pursuant to Code 1975, § 6-5-230.
In October 1978, Chester Bland, husband of appellant Glenda Bland, executed a first mortgage on certain property to Davis and Marion King. On February 15, 1979, Chester Bland executed a second mortgage to Virgil Hunter, appellee.
The second mortgage was foreclosed on by a foreclosure sale on July 24, 1979. Virgil Hunter purchased the property at this sale. There was no redemption within one year of this foreclosure. Later, the first mortgage was foreclosed on by a foreclosure sale on January 5, 1982, and the Kings were purchasers at that sale. On February 12, 1982, the Kings transferred all their rights, title, and interest in the property to Virgil Hunter by way of a deed of redemption.
Within one year of the first mortgage foreclosure on January 5, 1982, Glenda Bland made a demand for a statement of debt and other lawful charges, and then filed a complaint for redemption on behalf of her minor children. Later, the trial court granted summary judgment in favor of Hunter. Glenda Bland appealed to this Court. This Court, unable to determine the rights of the parties, remanded with instructions for the trial court to determine whether the February 12, 1982, transaction was a purchase or a redemption. Bland v. Hunter, 448 So.2d 330 (Ala.1984) (hereinafter referred to as Bland I). On remand, the trial court determined the priority of the parties under § 6-5-230 and found that Hunter was the vendee of the debtor and that he had a higher priority than the Bland children to redeem the property. As such, Hunter was not required to give the Bland children written notice of his intent to redeem the real property prior to the February 12, 1982, transaction. On behalf of her children, Glenda Bland appeals here.
Code 1975, § 6-5-230, provides as follows:
“Where real estate, or any interest therein, is sold under execution or by virtue of any judgment in a court of competent jurisdiction or under any deed of trust or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor or as-signee of the equitable or statutory right- *799 of redemption, wife, widow, child, heir at law, devisee or any vendee or assignee of the right of redemption under this Code from the purchaser or his vendee within one year thereafter in the manner provided in this article.”
Code 1975, § 6-5-231, provides:
“(a) The priority of the rights of the several persons or parties mentioned in section 6-5-230 to redeem shall be in the order in which they are mentioned therein; but any person or party who is entitled to redeem may give notice of his intention to redeem to those having prior rights to redeem; and if such persons to whom notice is thus given do not redeem or commence an action to redeem within 60 days after the service of such notice, then the party giving the notice may, within 30 days thereafter, exercise his right to redeem by an action or otherwise, and no further redemption by the parties so notified may be made.”
On appeal, Glenda Bland argues that Hunter falls within the category “any vendee or assignee of the right of redemption under this Code,” which is below the children of the mortgagor on the list of priorities set out in § 6-5-230. Bland contends that although prior to January 5, 1982, Hunter was the owner or assignee of the equity of redemption, this was extinguished and non-existent on January 5, 1982, the day of King’s mortgage foreclosure sale. Bland cites Allison v. Cody, 206 Ala. 88, 89 So. 238 (1921), for the proposition that “the valid foreclosure of a first mortgage completely extinguishes the equity of redemption under such mortgage.” Thus, Bland contends that after the Kings’ mortgage foreclosure, Hunter did not own the equity of redemption, but retained only his statutory rights of redemption obtained and acquired when he became the purchaser at his mortgage foreclosure sale. As such, Bland contends that Hunter was required to give written notice to the minor children of the mortgagor, of his intent to redeem the first mortgage from the Kings. His failing to do so, she contends, allowed the Bland children the right to redeem the first mortgage from the Kings. We disagree.
While the equitable right of redemption may have been extinguished on January 5, 1982, the statutory right to redeem was still in existence. In Bland I, this Court stated the following:
“When Hunter foreclosed his second mortgage, and was the purchaser at the foreclosure sale, he became the owner of' the equity of redemption in the property subject to the senior mortgage. Hunter, who purchased at his foreclosure sale, ceased to be the junior mortgagee. Instead, he became the owner or assignee of the equity of redemption.”
Bland I, supra, at 332. (Footnote omitted.)
Thus, the fact that Hunter owned the equity of redemption in the property subject to the senior mortgage determined Hunter’s priority pursuant to the statute. We find that the lower court properly concluded that Hunter was in the category of “vendee of the debtor or assignee of the equitable or statutory right of redemption,” which is a higher priority than “child” in the statute.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.